STONE, J.
B.B. appeals a disposition order encompassing juvenile adjudications on charges of possession of both cocaine and marijuana and five counts of violating his community control. We affirm in part and reverse in part.
At age fourteen, B.B. already had an extensive record dating back to July of 1996 and, as the Department of Juvenile Justice (the department) put it, he was “beyond parental control.” B.B. had been on community control for four third-degree felonies (criminal mischief, burglary of a conveyance, grand theft auto, and burglary of a structure), and one second-degree felony (burglary of a dwelling).
At the disposition hearing, defense counsel objected to the department’s recommendation that B.B. be committed to a maximum-risk residential program pursuant to section 985.313(2), Florida Statutes (1999), because the relevant provision of that statute is available only for juveniles who are at least thirteen years of age and have previously been “committed” at least three times to a delinquency commitment program. B.B. acknowledged that he had been “committed” to a residential program by order of the court at least three times before, but claims that he had only physically been placed in a residential facility twice, once in 1998 to a level four facility and again in 1999 to a level eight facility. As stated by defense counsel:
*988 Under Section 2 the statute says that he had to have' been committed three or more times. [B.B.] has only been committed twice. He was committed to a level four facility on March 10th, 1998, he did not begin to serve that commitment until sometime in May or- June, and there was then charges that came in that occurred prior to that level four commitment that occurred on January 29th, 1998, and those charges were then brought in after he received his level four commitment; And the Court, at that time, recommitted him to a level four.
The defense contends that despite the separate commitment orders, it amounted to only two commitments, as B.B. physically entered, and completed, a level four placement only once.[1]
We have considered, and deem inapposite, S.C. v. Peterson, 718 So.2d 220 (Fla. 4th DCA 1998). There, we recognized that a home detention, pending placement, was not a “commitment” as it was not the “judicial act of placing a juvenile into a custodial program,” for the purpose of computing incarceration time under section 985.231(l)(d), Florida Statutes (1997). Id. at 221.
Here, we are not concerned with the length of B.B.’s incarceration, but rather, whether he may be committed to a maximum risk (level ten) facility, due to his record of prior residential commitments. We conclude that the statutory language of section 985.313(2) is unambiguous. In the context of this .provision, the term “commitment” has a clear meaning as it also includes a number of itemized offenses for which maximum-risk commitment is available, irrespective of prior commitments. Therefore, in determining eligibility under this section, it is not necessary to review the dates that a juvenile entered and left prior custodial settings; it is sufficient for the trial court to review the number of prior separate commitment orders entered.
Although we affirm, both parties agree that the order of disposition should be remanded to allow the trial court to correct a clerical error. At the disposition hearing, the court acknowledged that B.B. would not qualify for maximum risk commitment for his adjudication of guilt on the misdemeanor charge. - However, the court’s disposition order does not reflect its oral pronouncement. We remand to allow the court to enter a written order reflecting its ruling.
GUNTHER and GROSS, JJ„ concur.

. The level four commitment and the level eight commitment encompassed all five of the felonies referenced above for which his post-incarceration community control was revoked.